UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-391 |
| JIMMY ISAAC | SECTION R |

## **ORDER AND REASONS**

Before the Court is Defendant Jimmy Isaac's motion to vacate his sentence under 28 U.S.C. § 2255.[1] For the following reasons, the Court denies the motion.

On June 9, 2010, Isaac pleaded guilty to one count of conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841 and 846, and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).[2] In his plea agreement, Isaac waived his right to appeal and collaterally challenge his conviction and sentence.[3] Isaac was sentenced to 180 months imprisonment, reflecting 120 months on the conspiracy charge and 60 months on the firearm offense, to be served consecutively.[4]

---

[1] R. Doc. 919.
[2] R. Doc. 165; R. Doc. 168.
[3] R. Doc. 168.
[4] R. Doc. 203 at 2.

Isaac now asks the Court to vacate his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[5] The Supreme Court in *Johnson* held that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague. 135 S. Ct. at 2557. This clause defines a "violent felony" as, among other things, a felony "involv[ing] conduct that presents a serious potential risk of physical injury to another." *See id.* at 2555-56 (quoting 18 U.S.C. § 924(e)(2)(B)). But Isaac's sentence was enhanced because he possessed a firearm in furtherance of a *drug trafficking crime*, not a "violent felony" or a "crime of violence." The Supreme Court's opinion in *Johnson* did not affect, or even address, the "drug trafficking crime" definition in 18 U.S.C. § 924(c). Isaac's claim is therefore meritless.

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2255 Proceedings, Rule 11(a) (noting

---

[5] R. Doc. 919.

that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

For the reasons set forth in this order, Isaac has not made a substantial showing of the denial of a constitutional right. IT IS ORDERED that Isaac's motion to vacate is DENIED. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this ___19th___ day of September, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE