UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                              NO. 09-391

JIMMY ISAAC                                     SECTION "R" (5)


**ORDER AND REASONS**


The Court has received a motion from defendant Jimmy Isaac to receive relief pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] Defendant states that based on *Davis*,[2] the statute under which defendant was convicted is "no longer usable."[3]   Because the Court construes this motion as a successive habeas petition—and defendant has not sought authorization from the Fifth Circuit to file it—the Court dismisses it.

A review of the Court's records reflects that defendant has filed prior petitions for a writ of habeas corpus related to this same conviction.[4]  In 2010, defendant was convicted for his involvement in a drug conspiracy and

---

[1]      R. Doc. 1027; R. Doc. 1031.
[2]      Plaintiff references the "Davis case . . . fil[ed] on June 24[,] 2019," which invalidated 18 U.S.C. § 924(c)(3)(B). *See* R. Doc. 1031 at 1.
[3]      *See id.*
[4]      R. Doc. 919; R. Doc. 1013.

for possessing a firearm in furtherance of that drug crime.[5]   In 2016, defendant filed his first habeas petition.[6]   In that petition, he argued that his sentence was improper under *Johnson v. United States*, 135 S. Ct. 2551 (2015).[7]   The Court denied his petition to vacate.[8]   The petitioner did not appeal this judgment.

In 2018, defendant filed a second habeas petition.[9]   In that petition, he argued that his conviction under 18 U.S.C. 924(c) was unconstitutional, pursuant to *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018),[10] and that his guilty plea was involuntary, pursuant to *Bousley v. United States*, 523 U.S. 614 (1998).[11]   The Court transferred that petition to the Fifth Circuit in order to determine whether defendant was authorized to file it before the Court.[12] The Fifth Circuit dismissed defendant's request for authorization.[13]

Now, plaintiff asks for relief under *Davis*. He does not specify a specific procedural basis for his "motion to consider," but does suggest that his

---

[5]     *See* R. Doc. 203 at 1.
[6]     R. Doc. 919.
[7]     *See id.* at 4, 14-16.
[8]     R. Doc. 976; *see also* R. Doc. 975 at 3.
[9]     R. Doc. 1013.
[10]    *See id.* at 4; R. Doc. 1013-1 at 1.
[11]    *See* R. Doc. 1013 at 5; R. Doc. 1013-1 at 1-2.
[12]    *See* R. Doc. 1032 at 3.
[13]    R. Doc. 1042.

conviction should no longer stand.[14]   Consequently, as "Section 2255
provides the primary means of collaterally attacking a federal conviction and
sentence," *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per
curiam), the Court construes this request for relief as a habeas petition under
28 U.S.C. § 2255. *See United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998)
("There is a trend among circuit courts to look beyond the formal title affixed
to a motion if the motion is the functional equivalent of a motion under
§ 2255."); *see also Landazuri v. United States*, No. CR 98-60030-02, 2006
WL 8441370, at *1 (W.D. La. Jan. 11, 2006) ("Although [defendant's] motion
is not styled as a motion under § 2255, it must be read as such. . . .  [T]he
motion is the functional equivalent of a motion to vacate, set aside, or correct
an illegal sentence under § 2255 . . . ."), *report and recommendation
adopted*, No. CR 98-60030-02, 2006 WL 8441371 (W.D. La. Feb. 1, 2006).[15]

Under 28 U.S.C. § 2255, "[a] second or successive motion must be
certified . . . by a panel of the appropriate court of appeals."  *See* 28 U.S.C.

---

[14]   *See* R. Doc. 1031 at 1.
[15]   The Court also notes that because defendant has previously filed a
Section 2255 petition, a *Castro* warning is not necessary. *See Rudzavice v.
Mejia*, 637 F. App'x 154, 155 (5th Cir. 2016) (per curiam) ("*Castro* [*v. United
States*, 540 U.S. 375 (2003),] pertains to the recharacterization of a first
§ 2255 motion.  Because the petition was not [defendant's] first, the *Castro*
warnings were unwarranted." (citation omitted)).

§ 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(A).  This requirement "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one."  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).  Nothing in the Court's record indicates that defendant has sought authorization from the court of appeals.  As such, this court does not have jurisdiction over his petition.

Given that this is defendant's third habeas petition—and the Fifth Circuit did not authorize his prior petition—the Court finds dismissal the appropriate course.  *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) ("[A] district court may dispose of applications lacking authorization through dismissal."); *United States v. Davis*, No. 4:05-CR-111-Y(2), 2012 WL 12994734, at *1 (N.D. Tex. Feb. 13, 2012) ("Since [petitioner's] previous motions construed as seeking relief under § 2255 were transferred to the court of appeals, and that court denied authorization, the instant motion under § 2255 must be dismissed without prejudice . . . ."); *see also Sylvester v. Smith*, No. CIV.A. 6:14-CV-3434, 2015 WL 3948278, at *2 n.5 (W.D. La. June 26, 2015) ("Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory.").

For the foregoing reasons, the Court DISMISSES defendant's motion WITHOUT PREJUDICE.

New Orleans, Louisiana, this __11th__ day of June, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE