UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-391 |
| JIMMY ISAAC | SECTION "R" (5) |

**ORDER AND REASONS**

The Court has received a motion from defendant Jimmy Isaac seeking counsel so that he may pursue "a motion for relief."[1] A review of the Court's records reflects that defendant has filed multiple prior petitions for a writ of habeas corpus related to his conviction.[2] In 2010, defendant was convicted for his involvement in a drug conspiracy and for possessing a firearm in furtherance of that drug crime.[3] In 2016, defendant filed his first habeas petition.[4] In that petition, he argued that his sentence was improper under *Johnson v. United States*, 135 S. Ct. 2551 (2015).[5] The Court denied his petition to vacate.[6] The petitioner did not appeal this judgment.

---

1 R. Doc. 1173.
2 R. Doc. 919; R. Doc. 1013.
3 *See* R. Doc. 203 at 1.
4 R. Doc. 919.
5 *See id.* at 4, 14-16.
6 R. Doc. 976; *see also* R. Doc. 975 at 3.

In 2018, defendant filed a second habeas petition.[7] In that petition, he argued that his conviction under 18 U.S.C. 924(c) was unconstitutional pursuant to *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018),[8] and that his guilty plea was involuntary pursuant to *Bousley v. United States*, 523 U.S. 614 (1998).[9] The Court transferred that petition to the Fifth Circuit in order to determine whether defendant was authorized to file it before the Court.[10] The Fifth Circuit dismissed defendant's request for authorization.[11]

Subsequently, defendant filed a third habeas petition seeking relief under *United States v. Davis*, 139 S. Ct. 2319 (2019). He did not specify a specific procedural basis for his "motion to consider," but suggested that his conviction should no longer stand.[12] As "Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence," *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam), the Court construed the request for relief as a habeas petition under 28 U.S.C. § 2255. *See United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998) ("There is a trend among circuit courts to look beyond the formal title affixed to a motion if the

7 R. Doc. 1013.
8 *See id.* at 4; R. Doc. 1013-1 at 1.
9 *See* R. Doc. 1013 at 5; R. Doc. 1013-1 at 1-2.
10 *See* R. Doc. 1032 at 3.
11 R. Doc. 1042.
12 *See* R. Doc. 1031 at 1.

motion is the functional equivalent of a motion under § 2255."); *see also Landazuri v. United States*, No. CR 98-60030-02, 2006 WL 8441370, at *1 (W.D. La. Jan. 11, 2006) ("Although [defendant's] motion is not styled as a motion under § 2255, it must be read as such. . . . [T]he motion is the functional equivalent of a motion to vacate, set aside, or correct an illegal sentence under § 2255 . . . ."), *report and recommendation adopted*, No. CR 98-60030-02, 2006 WL 8441371 (W.D. La. Feb. 1, 2006). The Court dismissed Isaac's third habeas petition, as nothing in the record indicated that defendant had sought authorization from the Fifth Circuit, and under 28 U.S.C. § 2255, "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals." *See* 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(A).

Now, defendant seeks appointed counsel so that he may file a "motion for relief."[13] He ostensibly wishes to seek relief under *Davis* once more, as petitioner's motion points to 18 U.S.C. 924(c), the statute at issue in *Davis*, and mentions a "new rule of law" as well as retroactivity. *See United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019), *as revised* (Sept. 30, 2019) (holding that "the rule announced in *Davis* meets the standard for a new substantive rule" and applies retroactively). There is no constitutional or

13 R. Doc. 1173.

statutory right to counsel beyond direct appeal. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *see also Fairman v. Anderson*, 188 F.3d 635, 642 (5th Cir. 1999) (explaining that "there is no constitutional right to counsel on habeas review"). A Court may appoint counsel in a Section 2255 proceeding if it finds doing so would be "in the interests of justice." *See* Rules 6(a) and 8(c), Rules Governing Section 2255 Cases in the United States District Courts; *see also* 18 U.S.C. § 3006A(g). Isaac has not sought authorization from the Fifth Circuit to file a successive habeas petition, nor has he even sought legal relief for which counsel might assist by initiating a successive habeas petition. Further, he has not established that the relief he might seek involves complicated or unresolved issues. Accordingly, appointment of counsel would not serve the interests of justice.

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this 14th day of April, 2023.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE